**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

Ingenuity 13, LLC,

       Plaintiff,

**Case No. 2:12cv-520**

v.

JOHN DOE,

       Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE**

      Plaintiff Ingenuity 13, LLC, the exclusive rights holder with respect to the copyrighted creative work at issue in this case, which was distributed via the BitTorrent protocol, seeks leave of this Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the identity of the John Doe Defendant. The Court should grant this motion because Plaintiff has a demonstrated need for expedited discovery, the request is limited and reasonable, and *ex parte* relief is proper under the circumstances.

**FACTUAL BACKGROUND**

      Plaintiff, a producer of adult entertainment content, filed its Complaint against the Defendant alleging copyright infringement, contributory infringement, and negligence. (*See* Compl., ECF No. 1.) The Defendant, without authorization, used an online peer-to-peer ("P2P") media distribution system to download the copyrighted work and distribute the copyrighted work to the public, including by making the copyrighted work available for distribution to others. (*Id.* ¶ 22.) Although Plaintiff does not know the true name of the Defendant, Plaintiff has identified

1

the Defendant by a unique Internet Protocol ("IP") address which corresponds to the Defendant on the date and at the time of the Defendant's infringing activity. (Declaration of Peter Hansmeier, attached hereto as Exhibit A [hereinafter "Hansmeier Decl."] ¶ 20.) Additionally, Plaintiff has gathered evidence of the infringing activity. (*Id.* ¶¶ 17–26.) All of this information was gathered by a technician using procedures designed to ensure that the information gathered about the Defendant is accurate. (*Id.* ¶ 16.)

Plaintiff has identified the ISP that provides Internet access for the subscriber associated with the infringing IP address as Cox Communications. (*Id.* ¶¶ 24, 28.) When presented with an IP address and the date and time of the infringing activity, an ISP can identify the name and other identifying information of the subscriber associated with that IP address, because that information is contained in the ISP's subscriber activity log files. (*Id.* ¶¶ 22.) ISPs typically keep log files of subscriber activities for only limited periods of time— sometimes for as little as months or even weeks— before erasing the data. (*Id.* ¶ 22, 28-29.)

In addition, some ISPs lease or otherwise allocate certain IP addresses to unrelated, intermediary ISPs. (*Id.* ¶ 30.) Because leasor ISPs have no direct relationship (customer, contractual, or otherwise) with the end-user, they are unable to identify the subscriber through reference to their user logs. (*Id.*) The leasee ISPs, however, should be able to identify the subscriber by reference to their own user logs and records. (*Id.*)

**ARGUMENT**

The Court should grant this motion for two reasons. First, Plaintiff has good cause for expedited discovery. Second, *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer and the discovery request is directed at a third party.

## I.  PLAINTIFF HAS GOOD CAUSE FOR EXPEDITED DISCOVERY

The Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). Although the Fourth Circuit has not articulated a specific standard for analyzing requests for expedited discovery, courts in this jurisdiction and nationwide have used a balancing test to analyze whether Plaintiff has good cause warranting early discovery. *See Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4, 10 (E.D. Va. Dec. 5, 2003) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)) (granting expedited discovery under a "balance of hardships" analysis); *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *see also, e.g.*, *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (recognizing that "expedited discovery may be appropriate in copyright infringement cases" but denying where plaintiff failed to show good cause); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting expedited discovery of Doe defendants' identifying information where ISP logs would be destroyed with time and plaintiffs had no other way to obtain the information). Plaintiff has good cause for seeking expedited discovery because physical evidence of infringement will be destroyed with the passage of time and because this suit cannot proceed without this information. At the same time, Plaintiff's request does not prejudice the Defendant. Therefore, this Court should grant Plaintiff's motion.

**A.  The Court has Authority to Grant *Ex Parte* Relief**

This Court has authority to grant an *ex parte* request for expedited discovery. Rule 26(d) gives judges broad power to determine the timing and sequence of discovery. Fed. R. Civ. P. 26(d); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) ("A district court has wide latitude in controlling discovery . . . ."). The Federal Rules rely on the discretion of trial judges to tailor the scope, manner, and timing of discovery to the needs of the case and ensure the just, speedy, and inexpensive administration of justice. *See, e.g.*, Fed. R. Civ. P. 16(b)(3)(B); *id.* 16(c)(2)(F) (setting forth a trial court's power to manage discovery by modifying the timing and extent of discovery through scheduling and case management orders).

Although the Fourth Circuit has not articulated a specific standard for analyzing requests for expedited discovery, courts in this jurisdiction and nationwide have used a balancing test to analyze whether Plaintiff has good cause warranting early discovery. *See Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4, 10 (E.D. Va. Dec. 5, 2003) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)) (granting expedited discovery under a "balance of hardships" analysis); *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *see also, e.g.*, *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (recognizing that "expedited discovery may be appropriate in copyright infringement cases" but denying where plaintiff failed to show good cause); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting

expedited discovery of Doe defendants' identifying information where ISP logs would be destroyed with time and plaintiffs had no other way to obtain the information). Plaintiff has good cause for seeking expedited discovery because physical evidence of infringement will be destroyed with the passage of time and because this suit cannot proceed without this information. At the same time, Plaintiff's request does not prejudice Defendants. Therefore, this Court should grant Plaintiff's motion.

**B.  Plaintiff has Made a Showing of Good Cause for Expedited Discovery**

Plaintiff has good cause for expedited discovery of the Defendant's identity because the infringement is ongoing and continuous, necessitating immediate relief to prevent further irreparable harm to Plaintiff; because physical evidence of infringement will be destroyed with the passage of time; and because this suit cannot proceed without this information.

First, time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. (Hansmeier Decl.) If that information is erased, Plaintiff will have no ability to identify the Defendants, and thus will be unable to pursue its lawsuit to protect the copyrighted works. (*Id.*) Federal courts have not hesitated to grant motions for expedited discovery under similar circumstances, where physical evidence— in this case, ISP logs— could be consumed or destroyed with the passage of time. *E.g.*, *Physicians Interactive*, 2003 WL 23018270, at *10 (granting expedited discovery and finding unusual conditions that would likely prejudice plaintiff where "electronic evidence is at issue" because "electronic evidence can easily be erased and manipulated"); *see also, e.g.*, *Living Scriptures v. Doe(s)*, No. 10-cv-0182-DB, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (granting motion for expedited discovery where the information sought by plaintiff was "transitory in nature"); *Arista Records LLC v. Does 1–7*,

2008 WL 542709, at *1 (granting because "time is of the essence" and ISP logs are essential to plaintiffs' "ability to pursue their claims"); *Interscope Records v. Does 1–14*, No. 07-4107-RD, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (granting immediate discovery from ISPs because "the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs"); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . makes discovery . . . unusually difficult or impossible").

Second, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 275–676; *see also Living Scriptures*, 2010 WL 4687679, at *1 (granting motion for expedited discovery of Doe Defendants because "without such information this case cannot commence"). Here, the present lawsuit simply cannot proceed without discovering the identities of the Defendants. Although Plaintiff was able to observe Defendants' infringing activity through forensic software, this system does not allow Plaintiff to access Defendants' computers to obtain identifying information. (Hansmeier Decl.) Nor does this software allow Plaintiff to upload a file onto Defendant's computer or communicate with it in a manner that would provide notice of infringement or suit. (*Id.*) Hence, the Plaintiff needs Defendants' actual contact information to be able to communicate with them and name them in this lawsuit.

Third, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–676 (N.D. Cal. 2002); *see also Living Scriptures*, 2010 WL 4687679, at *1 (granting motion for expedited discovery of Doe Defendants because "without such

information this case cannot commence"). In particular, courts allow expedited discovery to identify Doe defendants. *AF Holdings LLC v. Does 1-29*, No. 11-CV-1794 (D. Minn. July 28, 2011), ECF No. 3; *Arista Records*, 4:08-CV-1289, 2008 WL 4104563, at *1; *UMG Recordings, Inc.*, 4:07-CV-01889, 2007 WL 4205768, at *1. The present lawsuit simply cannot commence without discovering the identity of the Defendant. Although Plaintiff was able to observe the infringing activity through forensic software, this system does not allow Plaintiff to access the Defendant's computers to obtain identifying information. (Hansmeier Decl. ¶ 21.) Nor does this software allow Plaintiff to upload a file onto the Defendant's computer or communicate with it in a manner that would provide notice of infringement or suit. (*Id.*) Hence, the Plaintiff needs the Defendant's identifying information to be able to communicate with him or her and name the Defendant in this lawsuit.

### C. Plaintiff's Request is Reasonable Because the Need for the Information is Great While any Prejudice to the Defendant is Non-Existent or Minimal

Finally, discovery of the Defendant's identity will not result in prejudice to them. *E.g.*, *UMG Recordings, Inc.*, 2007 WL 4205768, at *1 (discussing the good cause balancing test and concluding that "no prejudice to the defendants" would result from limited expedited discovery of Doe defendants' identities). Plaintiff's request is reasonable and not prejudicial because Plaintiff's request is limited to basic contact information which is readily obtainable from ISPs; because the Defendant has diminished expectations of privacy; and because the First Amendment does not shield copyright infringement.

### 1. Discovery is reasonable and does not prejudice the Defendant because Plaintiff's request is limited.

The information requested by the Plaintiff is limited to basic contact information. The Plaintiff intends to use the information disclosed pursuant to its subpoenas only for the purpose

of protecting its rights under the copyright laws. The information is readily obtainable from the ISP and the disclosure of personally identifying information by the cable providers was contemplated by Congress nearly three decades ago in the Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)). Cable operators disclose such information when ordered to do so by a court. § 551(c)(2)(B) (2001). The Act also requires the ISP to notify each subscriber about whom disclosure is sought about the subpoena and thus providing them with a notice of a pending action and an opportunity to appear and object. *Id.*

### 2.   Discovery is reasonable and does not prejudice the Defendant because the Defendant has diminished expectations of privacy.

The Defendant has little expectation of privacy because the Defendant diminished these expectations by opening his or her computer to others through peer-to-peer file sharing. Courts have repeatedly rejected privacy objections to discovery of personal contact information in copyright infringement cases, concluding that infringers in these cases have minimal expectations of privacy. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118ó19 (2d Cir. 2010) (concluding that plaintiffós need for discovery of alleged infringerós identity outweighed the infringerós First Amendment right to anonymity); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (õ[D]efendantsø First Amendment right to remain anonymous must give way to plaintiffsøright to use the judicial process to pursue what appear to be meritorious copyright infringement claims.ö).

Courts have also rejected challenges to disclosure of personally identifiable information based on privacy provisions of Family Educational Rights and Privacy Act (õFERPAö) where defendants are students. *See, e.g.*, *Fonovisa, Inc. v. Does 1–9*, No. 07-CV-1515, 2008 WL 919701, *7ó*8 (W.D. Pa. Apr. 3, 2008) (concluding that 20 U.S.C. § 1232g(b)(2) expressly

authorizes disclosure of "directory information" such as name, address, and phone number; and that a MAC address does not fall within the purview of FERPA at all); *Arista Records LLC v. Does 1–4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) (same); *Arista Records, L.L.C. v. Does 1– 11*, 1:07-CV-2828, 2008 WL 4449444, at *3 (N.D. Ohio Sept. 30, 2008).

In addition, courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g.*, *Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

And finally, as one court aptly noted, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

### 3. Discovery is reasonable and does not prejudice the Defendant because the First Amendment is not a shield for copyright infringement

The First Amendment does not bar the disclosure of the Defendant's identity because anonymous speech, like speech from identifiable sources, does not have absolute protection. The

First Amendment does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). It is also well established in federal courts that a person downloading copyrighted content without authorization is not entitled to have their identity protected from disclosure under the First Amendment—limited protection afforded such speech gives way in the face of a *prima facie* showing of copyright infringement. *See Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *see also Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music*, 326 F. Supp. 2d at 566 ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008).  The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d. at 565.

Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, Plaintiff alleged an exclusive copyright with respect to the creative work at issue in this case.  (*See* Compl. ¶¶ 18-19.) Second, Plaintiff alleged that Defendant infringed on that exclusive right. (*Id.* ¶¶ 26-31.) Thus, the limited protection afforded to the Defendant by the First Amendment must give way to Plaintiff's need to enforce its rights.

In summary, the Court has well-established authority to authorize expedited discovery of identity of the Defendant based on a showing of good cause. Plaintiff has made this showing of good cause because Plaintiff is suffering ongoing, continuous, irreparable harm from the Defendant's infringing activity; because evidence of infringement may be destroyed; and because this information is necessary for this action to continue. The discovery of this information is both reasonable and non-prejudicial because it is readily obtainable from the ISPs; because the Defendant will get a notice and have an opportunity to appear and object; because the Defendant has diminished expectations of privacy; and because the First Amendment does not bar disclosure of their identities when he or she engage in copyright infringement. For these reasons, the Court should grant Plaintiff's motion for expedited discovery. This *ex parte* relief is also appropriate because the discovery is necessary to identify the Defendant.

## II.   *EX PARTE* RELIEF IS APPROPRIATE UNDER THE CIRCUMSTANCES

*Ex parte* relief is appropriate under the circumstances where there are no known defendants with whom to confer. Courts routinely and virtually universally allow *ex parte* discovery to identify "Doe" defendants.  *See, e.g.*, *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is ignorant of defendants' true identity . . .  plaintiff should have been permitted to obtain their identity through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978)); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the

unknown defendants.ö); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (holding that the district court erred when it denied the plaintiffôs motion to join John Doe Defendant where identity of John Doe could have been determined through discovery).

Courts across the country have applied the same principles to *ex parte* expedited discovery in analogous copyright infringement suits. *See, e.g.*, *Warner Bros. Record Inc. v. Does 1–14*, 555 F. Supp. 2d 1, 162 (D.D.C. 2008) (granting *ex parte* motion for immediate discovery by serving a Rule 45 subpoena on an ISP to obtain the identity of each Doe defendant); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-00018, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (same); *Arista Records LLC v. Does 1–43*, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007) (same); *Warner Bros. Records, Inc. v. Does 1–20*, No. 07-CV-1131, 2007 WL 1655365, at *2 (D. Colo. June 5, 2007) (same). This Court should follow the well-established precedent from other federal courts and permit *ex parte* discovery of the Defendantôs identity. As in the cases cited above, the Defendantôs identity is not known, but can be discovered through limited discovery.

Further, *ex parte* relief is appropriate because Plaintiff is not requesting an order compelling the Defendant to respond to particular discovery, where notice and opportunity to be heard would be of paramount significance to the other party. Rather, Plaintiff is merely seeking an order authorizing it to commence limited discovery directed towards a third party. For these reasons, an *ex parte* motion to discover the identity of the Defendant is appropriate and the Court should grant Plaintiffôs motion.

## CONCLUSION

The Court should grant Plaintiffôs motion for two reasons. First, Plaintiff has good cause for expedited discovery because infringement is ongoing and continuous, necessitating

immediate relief to prevent further irreparable harm; because physical evidence of infringement may be destroyed with the passage of time; and because this suit cannot proceed without this information. The discovery is reasonable and does not prejudice the Defendant because Plaintiff's request is limited and the information is easily obtainable from third parties; because the Defendant has diminished expectations of privacy; and because the First Amendment does not provide a license to infringe copyrights. Second, *ex parte* relief is proper under the circumstances where there is no known defendant with whom to confer. Therefore, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

Respectfully submitted,

DATED: September 11, 2012

By:   /s/ Timothy V. Anderson
Timothy V. Anderson
Anderson & Associates, PC
2492 North Landing Rd Ste 104
Virginia Beach, VA 23456
757-301-3636 Tel
757-301-3640 Fax
timanderson@virginialawoffice.com
*Attorney for Plaintiff*